UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00245-JMS-DML |
| | ) | |
| JORDAN FIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

## **GOVERNMENT'S SENTENCING MEMORANDUM**

When Your Honor sentences Jordan Fields, he will be three months away from his 22nd birthday; however, he will stand before the Court having victimized more children than many sex offenders twice his age.  Fields is a man who, despite his age, is skilled at grooming both adults and children, which enabled him to offend against children both behind a keyboard as well as in-person, molesting and exploiting children after gaining their trust.  Fields is a man who traffics in child sexual abuse material, not for the "sport" of image collecting or to establish himself in a dark underworld, but because he is sexually attracted to children.  Fields is a man who poses a danger to children not just because of his attraction to them, but because he is willing to act on his attraction, wholly undeterred by years of efforts to change his behaviors.  For those reasons, the Government, by United States Attorney Zachary A. Myers and Assistant United States Attorney Kristina Korobov, seeks justice and protection in the form of a 30-year prison sentence for Fields' serial sex offenses against children.

## **Case Background**

Jordan Fields (Fields) came to the attention of federal authorities in the fall of 2020, when police in California notified authorities in Indiana that Fields engaged in sexually explicit

Snapchat communications with a 13-year-old boy in their jurisdiction.  At the end of September of 2020, the victim's father made a report that his son was being groomed online. The Criminal Complaint (Dkt. 2) details this investigation and how police identified Fields as a suspect, and Exhibit A provides details of that case. Fields' conduct with that child, Minor Victim 1, is summarized as follows:

- The child's parents believed the online relationship with Fields began in the video game Fortnight.  While Minor Victim 1 was truthful about his age, Fields portrayed himself as a 15–16-year-old boy.

- In the chats found by Minor Victim 1's parents, the child professed love for Fields.

- On multiple occasions, Fields directed Minor Victim 1 to send Fields sexual images of himself, including masturbation images.

Dkt. 2, ¶ 7.

Acting on information from California police, the Bartholomew County Sheriff's Office (BCSO) sought a search warrant for Fields and his residence.  Police executed the warrant on November 13, 2020.  Fields was present.  In a recorded interview with FBI SA Todd Prewitt and BCSO Det. Will Kinman, Fields provided the following information:

- Fields initially denied the contact with Minor Victim 1, but when confronted with messages, he made admissions to soliciting and receiving sexually explicit images from the child.

- Fields engaged in other sexually explicit chats online with minors.  His preferred age was 11-13-year-old males. He chatted with these boys and obtained images of them using the social media site Omegle, Fields admitted some of the boys sent nude images, and these images were saved on his phone.

2

- Fields possessed other child sexual abuse material that he received from Snapchat users.  He intended to use some of the sexual images of minors to convince online chat partners that Fields was a younger male so that he could receive more images from boys.

- Fields admitted that when he was a juvenile, he engaged in sexual touching with younger kids and before that, he was treated for anger management and "sexual behavior."

- Fields denied any sexual contact with other children, including anyone in Indiana. Specifically, when SA Prewitt asked Fields, "What has happened here?", Fields told him "Nobody" – he had not touched any child since returning to Indiana.

- Fields denied that he had taken sexually explicit images of any child, telling detectives "I haven't taken any pictures physically of anybody."

In November, police arrested Fields on state charges of child solicitation / possession of child pornography.  Sgt. Pat Deckard (Deckard) of the Indiana State Police (ISP) began examining the multiple devices seized, warrants issued for Fields' social media accounts, and police investigated allegations that began to surface about Fields. Investigators ultimately found evidence of multiple federal offenses against minors here in the Southern District of Indiana.

- Images and videos depicted Fields engaged in sexually explicit conduct with 2 brothers, Minor Victims 2 and 3, who were from the Southern District of Indiana.

- Fields also made sexually explicit recordings depicting the lascivious display of the genitals of Minor Victim 4, a local pre-pubescent boy.

- Fields possessed images of minor boys, which appeared to be self-produced by the boys, and, based on the nature of the images, these were believed to have been obtained online in social media chat.

- Fields also possessed other sexually explicit images of minors ("commercial" child sexual abuse material).

## Procedural Background

On March 24, 2021, the Government obtained a federal arrest warrant for Jordan Fields. Fields was arrested and charged in a three-count Criminal Complaint (Dkt. 2). On March 31, 2021, Fields waived a detention hearing. Dkt. 11.  On August 19, 2021, the parties filed an Information along with a Petition to Plead Guilty and Plea Agreement. Dkts. 17 and 22. Pursuant to the Plea Agreement, Fields will admit his guilt to three counts of Sexual Exploitation / Attempt Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e).  The parties are preparing an Addendum to the Plea Agreement, reflecting their understanding that charges involving Minor Victim 1 in Bartholomew County will be dismissed, in exchange for admission to that conduct (Minor Victim 1) as part of the federal proceedings.

The Guideline Stipulation contained in the Plea Agreement fixed the Offense Level at 43. Dkt. 22, ¶ 33(E).  The United States Probation Department agrees with that calculation. Dkt. 32, ¶60. Fields' Criminal History Category is I, and the guideline penalty range is life, with a statutory maximum sentence of 1080 months.  *Id.*, ¶ 112. The Plea Agreement contains a blanket waiver of appeal. Dkt. 22, ¶¶ 34-36.

## DISCUSSION: SENTENCING CONSIDERATIONS

Fortunately, it is a rarity to find an offender who, by the age of 20, has sexually victimized children in so many different ways:

- Jordan Fields trafficked in child sexual abuse material, resulting in permanent harm to over 100 *identified* victims, with *a* goal of obtaining material he could use to lure younger children online.
- Jordan Fields has a significant number of child exploitation victims:  he used multiple social media platforms to find minor boys and ultimately to persuade, induce, entice, and coerce them to produce and send sexually explicit images of themselves.
- Jordan Fields used at least one child – a child whose parents trusted Fields - to produce sexually explicit images of that child.
- Jordan Fields molested boys.  He recorded or had another child victim record those sexually abusive acts.  Fields involved these boys in the sexual abuse of each other.
- Jordan Fields is accused of molesting children without producing exploitation images of them, which conduct should be considered as part of his history and characteristics.

It is unlikely that any victim representatives will attend sentencing; however, we ask the Court to attempt to envision how it would look if all of Fields' victims physically appeared and asked for justice for themselves.  We would start with the four children listed in the Plea Agreement.

There are the over 100 *identified* victims whose files are catalogued by the National Center for Missing and Exploited Children (NCMEC) who were victimized by Fields' possession and dissemination of the recordings of their sexual abuse. There are more children still who Fields chatted with online, so that Fields could obtain sexually explicit images of them.

And for all of this victimization, we are talking about conduct that occurred in a period of approximately 16 months.  From the time that he left the LaSalle School in June of 2019 until his arrest in November of 2020, Fields did all that damage.

The purpose of this Memorandum is to detail Fields' conduct, to address the history of offending and remediation efforts, and to briefly discuss other sentences in the District, including the sentencing of younger sex offenders.  At the sentencing hearing, the Government may call FBI SA Todd Prewitt and Sgt. Patrick Deckard to discuss offense conduct, Fields' history, and forensic findings. The Government will submit, in advance of the hearing, a single video which depicts the conduct in Count 2: Video 20200729_031852.mp4.  This video is being offered to show the grooming of the video's narrator (Minor Victim 2) and the involvement of each victim in the other's exploitation.

The Government is aware of the gravity of seeking a sentence of 30 years for Jordan Fields:  a sentence longer than the Defendant has been alive.  We respectfully seek this sentence – 30 years of child protection - in light of the breadth and scope of Fields' offenses and relevant conduct, the history of offending dating back years, and the more nuanced aspects of Fields' patterns of offending.  These factors lead to the conclusion that incarceration best protects children from the near certainty that Fields will re-offend.

I.      **The Nature and Circumstances of Jordan Fields' Crimes Against Children**

Jordan Fields is a unique offender – not because of his age – but because he sexually offended against children in multiple ways:  Fields is a *remote* sex offender (offending through coercion and enticement to self-produce images), Fields is a *hands-on* child abuser who is so proud of his conduct that he recorded it, and Fields *traffics* in child sexual abuse material primarily because of his sexual attraction to children.

6

When examining Fields' devices, investigators expected to find exploitation images of Minor Victim 1. It was expected that Sgt. Deckard would find nude images of boys, since Fields admitted to chatting with children online and obtaining nude images. We expected there to be *some* child sexual abuse images of boys, since Fields told Prewitt and Kinman that he would trade images with others. Quite frankly, we expected what one usually sees with an online sex offender whose tradecraft is remote exploitation.  Fields had images of himself in which he appeared very young, so luring kids online just wouldn't be that difficult, especially if Fields was using video games like Fortnight as a jumping-off point for grooming boys.

What we did not expect was the degree of hands-on offending and the brazenness with which Jordan used local and readily identifiable children, including pre-pubescent or barely pubescent minors, to satisfy his sexual desires.  What we did not expect were the recordings, particularly the conduct in Count 2, as it demonstrated Fields' depravity and the complete absence of shame regarding his crimes.

### *Jordan Fields' Acts Against His Charged Victims Alone Justify a 30-Year Prison Term*

Fields committed his documented offenses against Minor Victims 2, 3, and 4 in March of 2020 and July of 2020 – essentially all within a year of his release from a boys' school in New York.  While Fields move to Indiana represented a new start after high school, Fields quickly decided it would be a continuation and escalation of old behaviors. What could have been a clean slate for Fields simply became a hunting ground, as Fields ingratiated himself to local families, earning trust while abusing children.

*Minor Victims 2 and 3:*

Minor Victims 2 and 3 were the sons of a female relative of the Defendant, and Fields committed at least some of his acts against these boys at their home.  While the mother of the boys was aware of some of Fields' history, she wanted to give him a chance. When Fields sexually abused the boys, Minor Victim 2 was 12, and Minor Victim 3 had recently turned 14. They were young enough to feel loyalty to Fields but old enough to feel shame once the abuse was exposed. After the videos were discovered by Sgt. Deckard in March of 2021, police preliminarily identified the boys using social media posts, which led to an interview with their mother in which she had to identify her children from sanitized images.

Police interviewed both Minor Victims 2 and 3, and neither child would admit that the recorded acts of sexual abuse with Fields occurred; however, the things the children *did* say and the ways they behaved offered the greatest confirmation that we had the right kids. Their body language and the fears they expressed contained more truth than any disclosure.  While being interviewed, Minor Victim 3 told SA Prewitt and BCSO Det. Kevin Abner that he would be worried if Jordan was released from jail because of threats Jordan made if they told on him. SA Prewitt described this teen boy's behavior as very despondent and appearing to be worried and troubled during the interview. Minor Victim 2 told the investigators that he did not want to go there anymore or even think about what Jordan had done to him.  He said he wanted Jordan to stay away from his family and to stay locked up.  SA Prewitt described this now 13-year-old boy as being very emotional and crying on multiple occasions; moreover, he was "clingy" to his mother and hid under his hoodie and hat at times during the interview.

Minor Victim 2: There are 3 clear recorded instances in which Jordan Fields sexually exploited Minor Victim 2.

- <u>July 28, 2020</u>:  In the video described in Count 1, Fields performed oral sex on the pre-pubescent boy while Fields masturbated himself.

- <u>July 23, 2020</u>: In this video, Minor Victim 2 is shown nude and laying on his back inside of a vehicle.  His anus and genitals were lasciviously displayed and clearly the focus of the video.  The child was vaping, as was Fields, whose hands appeared in the video as Fields spread the child's legs apart for the recording.

- <u>July 29, 2020:</u> In the final video, Minor Victim 2 appeared to be sleeping while Fields masturbated next to the child.  Fields has placed the child's hand on Fields' penis.  Fields recorded this video about 5 ½ hours after the conduct detailed in Count 2.

<u>Minor Victim 3</u>: A video recorded on July 29, 2020 is the only video depicting sexual conduct with Fields and Minor Victim 3.  While that video is recorded and narrated by Minor Victim 2, clearly it is Fields who used Minor Victim 3 to engage in the sexually explicit conduct for the purpose of recording it.  The act depicted in the video – anal penetration of Fields by a minor child – is significant in its own right:  it speaks volumes to the degree of grooming that brought these boys to that moment in time.

The reason the Government is submitting this video to the Court is beucase the video shows just how much Fields has groomed and sexualized Minor Victim 2.  The video makes clear that this is not the only time Fields has sexually engaged with Minor Victim 3.  In this video, Minor Victim 2 described that lotion is to be used in the sex act, and he provided specific (and hands-on) direction on how to apply the lotion. Minor Victim 2 instructed Minor Victim 3 on how to engage in the act.  Minor Victim 2 asked Minor Victim 3 "don't it feel good," which is a sensory statement, indicating that Minor Victim 2 himself knows how the act feels.  Minor Victim 2 also directed Minor Victim 3 how to move during the sex act, which is further evidence

9

that Minor Victim 2 had also been sexually abused by Fields this way.  The Court should rely on

its own experience with these cases to determine the true breadth of the conduct against Minor

Victim 2 by Fields, including hands-on sexual abuse and other forms of grooming. Minor Victim

2 was completely unphased by the acts he recorded and his own role in the exploitation.  That

level of compliance does not happen in a week or two.

*Minor Victim 4:*

Minor Victim 4 is a pre-pubescent boy whose mother was friends with a relative of

Fields.  The video / images of Minor Victim 4 depict the lascivious display of the boy's genitals,

as Fields made recordings with his cell phone while playing with the child.  There are multiple

benign photos that Fields took while goofing around with him, so when Fields put the child on

his shoulders and aimed his cell phone up the child's shorts, the child would have had no reason

to think he was being used as a sexual object. Under the guise of play, Fields captured images

and a brief video of the child's penis.  The little boy was 7 years old at the time Fields exploited

him on March 16, 2020.

Minro Victim 4 was forensically interviewed almost a year later, on January 22, 2021.

The child's mother had become concerned about her son's contact with Fields, in light of the

criminal charges that were then pending, a $75 weighted blanket the Fields bought for Mnor

Victim 4, and a statement made by her child.   Minor Victim 4 said Fields did not take photos of

him.  Minor Victim 4 said he had seen Jordan when he was over at a friend's house.  When asked

if anything had ever happened to him, Minor Vicitm 4 said he did not remember.  He denied

seeing Fields do anything to anyone else.

After the images were discovered 2 months later, his mother brought him to the Sheriff's

Office.  According to SA Prewitt, Minor Victim 4 was very upset and cried until he knew he was

not going to be asked about anything that happened.  He cried in the corner and said he did not

want to talk about it.  His mother indicated that there had been a dramatic change in his behavior,

incuding outbursts of anger that then changed to him being very sad.

*Fields' Vicitm Count is Far Greater than the Children Represented in the Charged Conduct.*

Fields stands charged with sexually explicit conduct involving three Hoosier children, all

of which were known to Fields and trusted by the boys' parents. These three counts alone (not

including the 2 additional videos of Minor Victim 2) brought Fields to the maximum recognized

offense level under the Sentencing Guidelines. Looking at Fields' known behavior between his

return to Indiana in the summer of 2019 until his 2021 federal arrest, the true scope of his

conduct is much broader and indicative of an individual with a clear sexual attraction to children

who is willing to create multiple pathways to sexually violate children.

Minor Victim 1:  Over a period of weeks, Fields engaged in online messaging with Minor

Victim 1.  In these chats, not only did Fields portray himself as closer in age to the child victim,

but he repeatedly asked for sexually explicit images.  The offenses the Government could have

charged involving Minor Victim 1 include Coercion / Enticement (to produce and send sexually

explicit images) under 18 U.S.C. § 2422(b) as well as Sexual Exploitation, under 18 U.S.C. §

2251(a).  At least 1 sexually explicit image of Minor Victim 1 was recovered from Fields' cell

phone on-scene of the initial search warrant.  In these chats, the child professed love for Fields,

not knowing he was communicating with a 20-year-old man who was also exploiting other

children.  Minor Victim 1's mother reports her son has had emotional struggles since the

disclosure and is in bi-weekly therapy with a psychiatrist.

Unidentified Victims of Exploitation / Coercion and Enticement: Minor Victim 1 was not the only boy solicited by Jordan Fields for sexually explicit images. Sgt. Deckard found additional images of teen and pre-teen boys in various states of undress and nudity when examining the evidence.  Fields told investigators he would chat with boys in Omegle, and he obtained sexually explicit images of the boys through that app.  Fields told investigators there were 30-40 images saved to his phone.  Sometimes, Fields used an image of another minor his chat partners that Fields was, in fact, a minor boy himself.

A highly concerning fact is the continuation of this exploitation conduct *even after* Fields' November 2020 arrest.  Fields was almost immediately released on the Bartholomew County charges.  He obtained a new cell phone and when SA Prewitt arrested Fields in March of 2021, he seized the phone.  Pursuant to a warrant, Sgt. Deckard again found exploitation images of pre-pubescent boys which appeared to be self-produced and transmitted in an application. These images include extreme close-ups of the genitals.  On this new phone, Fields also had a "photo vault." Inside of the vault were multiple cache images of social media profiles of young boys, making it clear that Fields had gone right back to the internet to troll for boys.  He was completely undeterred by the threat of state charges or jail time.

Victims in the Child Sexual Abuse Material: According to the report received from NCMEC, Fields had over 85 identified victim series in his possession at the time he was arrested. Some of these series have more than one victim, and a conservative estimate of the number of vicitms represented in this category is at least 100.  Fields received treatment to help him "mitigate the risk of sexually harmful behaviors" and recognize "thinking errors and cognitive distortions related to risk and attraction to younger peers." Dkt. 32, ¶ 94. So while the Government does not necessarily expect Fields to fully recognize the impact of his conduct on

12

these children, Fields certainly knew these were not legal images for him to download.

This number of victims also is likely a gross underestimation of Fields' idstribution / receipt/ possession behavior.  Fields had discovered hyperlinks, which allowed Fields to view large quantities of child pornography without actually downloading the material.  For example, on September 21, 2020, Fields received 3 Mega Hyperlinks from another Snapchat user.  At the time of the forensic examination, only one link could be opened; however, that single hyperlink provided Fields with access to 280 videos of child sexual abuse material.  Fields told police that he would not download the videos – he would just repeatedly click on the link when he wanted to view the files.  Investigators, however, cannot verify the accuracy of that statement because Fields had a Mega account, and that account is inaccessible, even with proper legal process.[1]  In addition to files found on his devices seized in November of 2020, there were additional "commercial" images found on Fields' cell phone seized at his federal arrest.

Fields' offense conduct also involved the distribution or offers to distribute child sexual abuse material.  Sgt. Deckard found an example of this conduct from July 15, 2020, when Fields offered to distribute "videos from Mega" to another Snapchat user who wanted to trade in hyperlinks.  Fields told the user that he didn't have links to share but that he had videos of boys that Fields would distribute with this user.

It doesn't appear that Fields was trafficking in child sexual abuse material for the purpose of making money or gaining notoriety in this underworld or even to chat with other offenders for the purpose of validating his sexual interest in children.  Fields obtained and distributed these images because he was sexually attracted to children and wanted to look at the images and videos.  He had a thumb drive which he told investigators contained child sexual abuse material

---

[1] Mega is a cloud storage application with a chat feature that offers end-to-end encryption.  Even if service was compelled at Mega Headquarters in New Zealand, Mega could not access the data in Fields' account.

saved from an older cell phone. He said he would also use the images of boys to convince a chat partner that he was younger than his actual age.

II.     **Jordan Fields' History and Characeristics**

Since he was 5 years old, Jordan Fields has been given opportunities for professional intervention in an attempt to address, diagnose, and treat behavioral issues. Not only were those efforts unsuccessful, but the final stop, LaSalle School, became a place for Fields to cultivate victims.  Instead of benefiting from the treatments afforded him, Fields continued down a path that has brought him before the Court.

---

*Despite Multi-faceted Efforts to Address Fields' Behavioral Problems and Sexually Maladaptive Conduct, No Treatment Has Overcome Fields' Willingness and Ability to Act on His Attractions.*

---

In examining Fields' history and characteristics, this Court does not have to operate with a dearth of data.  Whether the Court looks to Fields' own statements to police and the PSR writer, or to a history provided by Fields' father, or to other sources of information gathered by the PSR writer, no one can say "we haven't tried."

Fields' admissions:  In his November 2020 interview with investigtors, Fields told two complete strangers about his time at LaSalle school, about his offending conduct there, and about his history of searching online for "younger kids."   Fields acknolwegded "looking them (young kids) up" since Fields himself was 12-13 years old – when he was the same age as the children he was "looking up." Fields admitted that as he got older, he was "still doing that. And so I went to that school (LaSalle)."

During his time at LaSalle, Fields characterized himself as "one of the better, better kids. I didn't really get into trouble that much (at LaSalle)."  Then he reported that when he was 17, he

engaged in oral sex and genital fondling with a 12-year-old boy, and said he was caught twice with this boy.  Fields also told police he touched another boy at the school and tried to talk to other 12-year-old boys for the purpose of engaging in sexual touching with them.

When investigators told Fields they were going to check his internet search history, Fields admitted to detectives that upon his return to Indiana from New York, "I did good for a while but then I fell back into the bad habit."  Fields told police he searched for age ranges of 12-13 or 14-15, but also tried to assert that he was looking for males his own age.  Of note, however, is the absence of any mobile applications on his phone like Tinder or Grindr, which would have given Fields access to age-appropriate sexual partners.  There was no forensic indication that Fields has any interest in same-age partners.

Information from Fields' Father:  Fields' father Joshua was interviewed in August of 2021 by FBI Agents.  The information he provided reflects a father who has engaged in a variety of efforts to help his son.  Joshua reported Jordan had been in counseling since he was 5 years old, and Jordan began residential placements at age 12.  The family lived in Indiana until 2006, in Missouri from 2006-2016, and then lived in New York from 2016-2021.  Fields' placement history reflects a family who tried to keep their child close-by, while simultaneously attempting to address behavioral issues that included aggression towards a much younger half-sister (more than 10 years younger), fire-setting in the family home, and the discovery that Fields was using a family computer to search for child sexual abuse material.  Fields apparently faced criminal prosecution for the internet searches; however, instead of turning the teen over to the criminal justice system, his father once more attempted rehabilitation. Joshua found the residential placement for his son at LaSalle..

At LaSalle, Fields' father reported the problems continued.  Fields was twice caught

engaged in sexual conduct with other residents.  Joshua recalled the first incident invovled Fields

exchanging explicit messages with a 13-year-old resident when Fields was 17.  Joshua believed

the 2nd incident involved a 14-year-old who reported that 18-year-old Fields touched him

imappropriately.  Joshua said even though the school would have allowed Fields to remain there

until he was 21 years old, when Jordan graduated at 19, he elected to leave.  It was Joshua who

drove Jordan to live with Joshua's parents in Indiana in 2019.  Joshua told the FBI that he and his

wife are estranged from the rest of their family because the family believes Jordan's lies and

blames Joshua and his wife for Jordan's problems. This assessment seems to be borne out by the

Defendant's letters of support (Dkt. 35), as well as the Defendant's statement to the PSR writer

that "his father and stepmother were emotionally and psychologically abusive towards him."

Dkt. 32, ¶ 73.

History Documented in the PSR:  The Defendant's mental health history documented in

the PSR paints a still darker picture.  Past reports on Fields include punching and hitting his step-

mother, throwing a hammer at his father, exposing himself to a neighbor, and property damage.

The 2016 Report regarding the Defendant's internet searches – when he was 16 years old – is

frightening: "multiple explicit web sites dealing with naked youth (9 year old through 11 year old

boys), how to rape a female and get away with it, cute sexy naked boys, cute 13 year old girls

naked, and middle school boys naked."  Records from LaSalle School documented problems

with sexual behaviors:

> While placed at LaSalle School, the defendant incurred 12 incident reports.
> Behaviors of concern included aggressive behavior toward a peer and sexually
> acting out. On March 22, 2017, Mr. Fields was caught with his hand on another,
> younger, resident's leg while in an agency vehicle returning from recreation. When
> this incident was further processed, the defendant disclosed additional incidents of
> sexual contact with that same resident. In January 2018, another incident occurred
> with the same peer in the school setting. In October 2018, the defendant reportedly
> engaged in sending inappropriate pictures of himself to a significantly younger

peer.

Dkt. 32, ¶ 93.

Different facilities have tried medication, therapy, safety planning "to mitigate the risk of sexually harmful behaviors" and behavior modification techniques. Nothing has been successful. Fields is not a young man whose needs have been ignored. On the contrary, his needs have been repeatedly addressed by different treatment providers. At his release from LaSalle, records noted "Jordan is continuing to work toward processing his thinking errors and cognitive distortions related to risk and attraction to younger peers." *Id.* at ¶ 94. Despite his age, Fields has had more therapeutic intervention than many men in their 30's and 40's who come before this Court with fewer victims.

There is no mental disease or defect or medication causing Jordan Fields to be sexually attracted to pre-pubescent children. Fields' phone even contained "benign" photos of local children that would appear innocent in nature, *if* one didn't know of Fields' attraction. Clothed or unclothed, pre-pubescent children have excited Jordan Fields for years – a fact that has nothing to do with youth, mental illness, medications, or even the abuse / neglect he sustained as a child. And it isn't merely that Fields is sexually excited by children: he is willing to act on that arousal in a variety of ways.

Fields' character of being sexually attracted to children is demonstrated in his internet search history, discovered in a search of one of his Google accounts:

> On February 3rd, 2021 I, Detective Kinman, received the search warrant return from Google in reference to report 202002666 regarding the search history of Jordan Fields and the account of JordyFields5@gmail.com. Upon checking the search history there were searches of "youth blond boys getting milked", "young boys getting milked", "boys getting milked", "small peinus no hair", "looking for a boy under 14 that`s looking for a boyfriend and likes older", "Kids chatroom free-talk to young strangers, kids, children", "15 year old getting forced to cum", "13 year old getting forced to cum", and "gay teen boy forced cum search xvideos.com."

Det. Kinman also reviewed the Google Image search history for this account and found the following:

> Upon reviewing the image search history provided by Google there was searches for "small dick gay milking", "youth blonds boys getting milked", "young boys getting milked", "small peinus no hair", "gross fat dick butthole poop" and "13 year old getting forced to cum."

When investigators looked at Fields' online accounts, they found Fields operating on numerous platforms: Snapchat (3 accounts), Google (7 accounts), Live.com, Mega (2 accounts), Discord, Dropbox, WhatsApp, Pinterest, Instagram (2 accounts), Facebook (3 accounts), Kik Messenger (2 accounts), TikTok, Telegram, and Wickr.  It is not unusual for a person in Fields' age group to have multiple social media platforms, but is *is* rare to have so many accounts within the same platform (e.g. multiple Snapchat accounts).  The existence of multiple accounts is a halmark of individuals involved in the exploitation of children, as it allows users to keep their "normal" profile separate from profiles used to lure and chat with children or to trade in child sexual abuse material.

---

### *Fields' History and Characteristics Include Accounts of Child Molesting by Two Pre-Pubescent Children*

---

While Fields has not been charged with child molesting, two Indiana children provided accounts to law enforcement regarding sexual touching by Jordan Fields. The Government does not ask that the Court consider this as relevant conduct, but rather as character evidence, especially in light of the letters offered by his family members.  The conduct in Counts 1-3 is not out-of-character for Fields.

Indiana Victim H:  Indiana Victim H was a 10-year-old boy when he had contact with

Jordan Fields in 2020. His mother, who is related to Fields' grandmother, became concerned about Fields' contact with her son after Fields allegedly purchased a $100 V-bucks gift card for Victim H, which is used in the video game Fortnite. The mother brought her then 11-year-old son for a forensic interview at Susie's Place.

During his interview, Indiana Victim H disclosed that Fields touched his "private." He said that Fields touched both himself and Minor Victim 4 while they were under a blanket. Victim H said that Fields touched his private by putting his hand inside of Victim H's pants and that Fields touched his butt as well. The child described another instance that occurred while Fields and Victim H were "play wrestling." He said Fields touched him, and then told Victim H not to tell his mom, and later bought him a "V-bucks" card. The boy also said Fields tried to take him and Minor Victim 4 into the woods twice, but Victim H kicked Fields and ran inside and locked the door because he was afraid of Fields would try to kidnap him.

In an interview with Det. Kinman on February 26, 2021, Fields, through his attorney, denied any sexual touching with Victim H.

Indiana Victim E.:  Indiana Victim E was a four-year old girl who had contact with Fields after her father befriended Fields when they met each other at the father's workplace. Fields sometimes gave Victim E's father a ride to and from work, and Fields met Victim E and her family as a result of that connection. Victim E's father told police he treated Fields like a son since Fields said he had no parental figures in his life.

The report describing E's disclosures and how they came about is attached to this Memorandum as Exhibit B. In summary, Victim E described Jordan Fields as touching her pee-pee and putting something in her pee-pee that hurt. She said this occurred multiple times in her room. Earlier, however, when a forensic interviewer had attempted to interview the child, they

could not complete an interview because Victim E did not pay attention and wanted to play.

Victim E's mother submitted an Impact Statement; however, the Government is submitting it as

an Exhibit to this report, as Victim E is not a named victim, nor has Fields admitted molesting

her.

### III.   <u>Avoiding Unwarranted Sentencing Disparities</u>

It is the duty of any Court to avoid unwarranted sentencing disparities, while

simultaneously evaluating each Defendant considering the Guidelines and the other 3553(a)

factors.  The sentences below have been handed down within this District.  While the individual

facts are different, these are some cases the Government will use as illustrative at the sentencing

hearing, and we wanted to give advance notice to counsel for Mr. Fields.

*US v. Levi Walters*: 1:19-cr-00298-JMS-TAB

- o <u>Age</u>: 28
- o <u>Criminal History:</u> no prior arrests or convictions
- o <u>Number of victims:</u> 1
- o <u>Guideline calculation:</u> 43 (actual score of 45) (Range of life with a statutory maximum of 1080 months)
- o <u>Conduct</u>:  On 6 occasions, Defendant exploited pre-pubescent minor female (relative by marriage) while she was sleeping.  Most images depict lascivious display of genitals.  On at least 1 occasion, Defendant had penetrated child's external genitals with his finger.  Defendant possessed no other child pornography.
- o <u>Sentence:</u> 360 months and 15 years supervised release (Dkt. 55)

*US v. Gage Campos:* 4:20-CR-00018-SEB-VTW

- o <u>Age</u>: 25
- o <u>Criminal History:</u> Category 2 (2 prior misdemeanors – marijuana and domestic battery)
- o <u>Number of victims:</u> 1
- o <u>Guideline calculation:</u> 43 (actual score of 49) (life with a stat. max of 360 months)
- o <u>Conduct</u>: While Defendant pleaded guilty to a single count, on three occasions, Defendant took images of the lascivious display of a 2-year-old female relative's genital and pubic area.  He received additional levels because he was touching her genitals in the images. Images were stored in a Google account. Defendant had some

additional "commercial" child sexual abuse material and a troubling internet search history. (Dkts. 2 and 45)

- o <u>Sentence:</u> 300 months and 20 years supervised release (Dkt. 50)

*US v. Adam Armstrong:* 1:19-cr-00096-TWP-DML

- o <u>Age:</u> 28
- o <u>Criminal History:</u> Category 2 (2 prior misdemeanors)
- o <u>Number of victims:</u> 1
- o <u>Guideline calculation:</u> 39 (292-365 months)
- o <u>Conduct:</u> On one occasion, Defendant engaged in oral sex with sleeping pre-pubescent child (relative) and distributed image to a teenager in Iowa. The teen notified police. Defendant admitted to engaging in sexual conduct with child on one occasion with distribution to multiple people on Kik and Snapchat. Child unaware of conduct. (Dkt. 2)
- o <u>Sentence:</u> 262 months and 10 years supervised release (Dkt. 46)

*US v. Marcus Pettus:* 1:19-cr-00389-JMS-DLP

- o <u>Age:</u> 35 (at time of offense)
- o <u>Criminal History:</u> none
- o <u>Number of victims:</u> 1
- o <u>Guideline calculation:</u> 39 (Dkt. 36)
- o <u>Conduct:</u> Defendant sexually exploited a 14-year-old girl, who he coerced into producing sexually explicit videos over a 1-day period. He did not distribute the material. Conduct all occurred online in Instagram. Conduct involved sadistic / masochistic conduct. (Dkt. 36)
- o <u>Sentence:</u> 281 months and 10 years of Supervised Release (Dkt. 51)

]
**In addition to the above-listed cases, of recent, the cases adjudicated below involve younger**

**sex offenders:**

*US v. Charles Piel:* 1:21-cr-00134-RLY-MJD

- o <u>Age:</u> 24 (at time of conviction)
- o <u>Criminal History:</u> Category 4: Prior Convictions for Sexual Battery (fondling conduct 2 9-year-old boys on 1 occasion) and Child Exploitation (Possession of Child Pornography) (Dkt. 46)
- o <u>Number of victims:</u> 2 charged victims and 21 victim series as identified by NCMEC
- o <u>Guideline calculation:</u> 43 (Dkt. 43)
- o <u>Conduct:</u> Defendant sexually exploited a 15-year-old boy, who he met online, by engaging in hands-on conduct, which he recorded. Defendant also received sexually

explicit images from a 17-year-old male, after coercing and enticing him to produce these images.  Defendant was on probation when conduct with the 17-year-old occurred. Defendant also possessed "commercial" child sexual abuse material. (Dkt. 43)

- o  Sentence: 480 months and a lifetime of Supervised Release (Dkt. 53)

*US v. Tyler Cobb:* 1:20-cr-00192-JRS-DML

- o  Age: 20 (18 at time of arrest)
- o  Criminal History: no prior arrests or convictions
- o  Number of victims: Case was Child Pornography Distribution / Receipt – Defendant pleaded to Possession.  NCMEC identified 9 victim series. (Dkt. 67)
- o  Guideline calculation: 38 (Dkt. 28)
- o  Conduct:  Defendant distributed and received child sexual abuse material, including trading in hyperlinks, using Mega.  Conduct occurred both before and after 18th birthday.  Defendant admitted to sexually abusing a pre-pubescent male relative when defendant was a juvenile. (Dkt. 1)
- o  Sentence: 125 months (Dkt. 87)

*US v. Cole Ford:* 1:21-cr-00239-JPH-DML

- o  Age: 21
- o  Criminal History: Category 4:  Included 2 prior convictions for Child Exploitation / Possession of Child Pornography (Indiana offense describing possession or distribution of child pornography)
- o  Number of victims: Case was Child Pornography Distribution / Receipt with Prior Conviction.  NCMEC identified 179 victim series. (Dkt. 34)
- o  Guideline calculation: 34 (Dkt. 28)
- o  Conduct:  Defendant distributed and received child sexual abuse material, including trading in hyperlinks, using Mega and Telegram. This offense occurred while Defendant on Community Corrections for prior conviction. (Dkt. 2)
- o  Sentence: 210 months (Dkt. 45)

## **CONCLUSION**

The crimes committed by Jordan Fields are not ones of youthful indiscretion or impulsivity or the product of mental illness.  Jordan Fields chose to return to Indiana after years of treatment – and he decided to pursue the sexual abuse of children.  Whether engaging in anonymous acts of exploitation or the deeply personal acts of in-person abuse, his conduct is all purpose-driven:  fulfilling Fields' sexual attraction to children.  And he feeds those desires with

sexual abuse images.  To believe that Fields will simply grow out of this conduct is to ignore the degree of planning and grooming that Fields already displays.  Containing Fields is the best way to protect children.  And that can only happen at the Bureau of Prisons.  Keeping Jordan Fields there for 30 years affords any community (and all communities, given the outreach of the Internet) a substantial degree of protection, which is exactly what children who cannot protect themselves deserve.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:     *s/Kristina M. Korobov*
        Kristina M. Korobov
        Assistant United States Attorney
        United States Attorney's Office
        Southern District of Indiana
        10 W Market Street, Suite 2100
        Indianapolis, IN 46204
        (317) 226-6333
        Kristina.Korobov@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2022, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dominic Martin
Counsel for Defendant

By:   *s/ Kristina M. Korobov*
Kristina M. Korobov